Filing # 53062796 E-Filed 02/28/2017 11:14:31 AM

## *CIRCUIT COURT FOR CHARLOTTE COUNTY, FLORIDA*

WARREN WATTERS,

    Plaintiff,

vs.

                                  Case No.: 17000187CA

THE HUNTINGTON
NATIONAL BANK,

    Defendant.

_____/

## COMPLAINT

Plaintiff, WARREN WATTERS ("WATTERS"), sues the Defendant, THE HUNTINGTON NATIONAL BANK, and alleges:

1. This is an action for damages that exceed $15,000.00.

2. At all times material to this action, the Plaintiff was a resident of this State.

3. The unlawful, tortuous communications and statutory violations of the Defendant which give rise to this cause of action occurred in this State.

4. At all times material to this action Defendant, a National Bank, conducted business in this State to collect money from Plaintiff and committed statutory violations in this State, and is otherwise engaged in its usual and customary business and maintained agents for the transaction of its usual and customary business in Florida. Defendant qualifies as a person under Florida Statute Chapter §559.72.

5. Plaintiff had a mortgage loan with Defendant, THE HUNTINGTON NATIONAL BANK, the last four digits of the Mortgage Identification Number are 0873, herein after referred to as "the account".

6. The Plaintiff's financial obligation to pay the debt associated with the account are considered a consumer debt, as the residential loan was an obligation or alleged obligation of a consumer to pay money arising out of transactions that are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment.

7. Since the Plaintiff was obligated to pay the aforementioned loans, Plaintiff qualifies as a natural person obligated or allegedly obligated to pay any debt.

8. At all material times, Defendant acted as a debt collector, in an effort to collect the alleged debts allegedly owed by the Plaintiff.

9. Defendant has engaged in conduct in violations of numerous consumer protection laws, constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on thousands of occasions within the three-year period preceding the filing of this action.

10. Defendant implemented its unlawful collection conduct by sending Plaintiff threatening collection letters asserting false and misleading information, by reporting false information

to the Credit Reporting Agencies with respect to Plaintiff and by initiating calls to Plaintiff's personal cellphone number (941)456-6596, over fifty times, and with such frequency as can reasonably be expected to harass, in an effort to collect the above referenced mortgage debts.

11. Defendant has a corporate policy of using an automatic telephone dialing system using an artificial or prerecorded voice, just as it did when it called Plaintiff's personal cellphone number.

12. Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

13. Defendant's corporate policy is structured to continue to call individuals like Plaintiff, despite these individuals explaining to the Defendant that they had retained legal counsel with respect to such debts.

14. Defendant's corporate policy provides no means for the Plaintiff to have his aforementioned telephone number removed from the call list.

15. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing or through retention of legal counsel.

16. Defendant followed its corporate policies when attempting to communicate with the Plaintiff in connection with the debt at issue.

17. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the Country, similar to those alleged in this action by Plaintiff.

18. Defendant should be in possession or control over call logs, account notes, auto-dialer reports and/or other records that detail the exact number of calls made to Plaintiff's cellular telephone number as well as all written communications sent.

19. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment, and mental suffering, pain, anguish, and loss of capacity to enjoy life, and are continuing as of the filing of this complaint.

20. All conditions precedent to the filing of this action have been performed or are excused.

21. Plaintiff has been the object of collection activity by Defendant arising from the collection of consumer debts.

22. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and

costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

### COUNT I
### Violation of Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA")

23. Plaintiff brings this action to recover damages for acts on the part of the Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227("TCPA").

24. Paragraphs 1 -22 are re-alleged.

25. Defendant has engaged in conduct in violation of the TCPA and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on dozens of occasions within the last three-year period preceding the filing of this action.

26. Plaintiff is the "called party" with respect to the calls placed on his personal cellphone number (941) 456-6596.

27. At all material times, Defendant did transact business in Charlotte County, Florida as a "debt collector", Defendant sought to collect alleged debts from Plaintiff that arose from transactions incurred for personal, family or household purposes and is therefore a "consumer debt".

28. At all material times, Defendant was the servicer of mortgage loan, which is the subject of the unlawful collection action activity described in this complaint.

29. Defendant employed business practices in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced mortgage loan debts from Plaintiff.

30. Plaintiff is the regular user of the cellular telephone number (941) 456-6596, and was the called party and recipient of Defendant's described calls.

31. During the calendar year 2015, Defendant initiated its campaign of telephone collection calls to the Plaintiff on the aforementioned personal cellphone number.

32. Calling Plaintiff's aforementioned cellular telephone number from an automated telephone dialing system and leaving messages on Plaintiff's answering machine stating that the message was left in "an attempt to collect a debt".

33. Calling Plaintiff's aforementioned cellular telephone number from an automated telephone dialing system and hanging up either prior to or as soon as Plaintiff, or Plaintiff's answering machine or voice mail box answered the call.

34. To date, Plaintiff has placed over fifty phone calls to Plaintiff's personal cellphone number in an effort to collect the alleged debts at issue, and the calls continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendant's records).

35. The telephone calls at issue were placed by Defendant using an artificial or prerecorded voice, as specified in TCPA, 47 U.S.C. para.227(b)(1)(B), while using an automated telephone dialing system ("ATDS") as specified in TCPA, 47 U.S.C., §227(a)(1), which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

36. Defendant initiated all of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff, as specified in TCPA, 47 U.S.C., §227(b)(1)(B).

37. None of the telephone calls at issue were placed by Defendant to Plaintiff for emergency purposes.

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered statutory damages of $1,500.00 per violation, actual damages and attorney fees and costs.

**WHEREFORE**, Plaintiff, WARREN WATTERS, demands judgment against Defendant, THE HUNTINGTON NATIONAL BANK, for statutory damages, damages, costs, interest, attorney fees and such other relief as this court deems appropriate.

## COUNT II
### Violation of Florida Consumer Collection Practices Act §559.72(18)

40. Paragraphs 1-22 are incorporated by reference.

41. At all material times, Defendant was aware that Plaintiff was being represented with regard to the debt by the undersigned attorney, as the undersigned was actively representing Plaintiff in litigation between the parties at the time the calls were made in Charlotte County, Case No.: 2007CA4429; and Case No.: 2015CA000457.

42. Defendant engaged in numerous acts and/or omissions prohibited by 15 U.S.C. §1692(c)(a)(2) by communicating in connection with the collection of a debt when Defendant knew, or should have known, Plaintiff was represented by an attorney with regard to the purported debt.

43. When Defendant made its demands in writing and via telephone calls, and at the time of the violations, the Defendant had actual knowledge that Plaintiff was being represented by an attorney. See attached Notice of Appearance.

44. Despite being on notice that Plaintiff was being represented by an attorney, Defendant made over fifty communications directly to the Plaintiff for collection purposes.

45. Plaintiff by and through his attorneys, Gregg Martin Horowitz, P.A., defended and prevailed in the first lawsuit on

the note, which placed Defendant on notice that plaintiff was represented by counsel with respect to the debt.

46. During the time of the collection attempts, and at the time of the violations, the Defendant had actual knowledge that Plaintiff was under retainer by the Law Offices of Gregg Martin Horowitz, P.A., despite this representation, the Defendant made telephone calls and made written demands to the Plaintiff in relation to the collection of the debt.

47. At no time did Plaintiff directly initiate any form of communication with the Defendant.

48. At no time did legal counsel for the Plaintiff fail to respond to any communication nor did legal counsel receive any communication from Defendant with respect to the debt.

49. Despite being on notice of counsel's representation, Defendant directly communicated with the plaintiff for the purpose of collecting a debt. Defendant made over fifty telephone calls and written communications to the Plaintiff.

50. The Defendant had actual knowledge that the Plaintiff was represented by counsel and despite this actual knowledge persisted with unlawful, tortuous communications and statutory violations complained of herein.

51. Florida Statutes §559.72 sets forth in pertinent part:
"Prohibited Practices"
--In collecting consumer debts, no personal shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

52. The Defendants telephone calls and written communications to the Plaintiff violated Florida Statute §559.72(18) as the Defendant had absolute knowledge that the Plaintiff was represented by an attorney.

53. Florida Statute provides for statutory damages of $1,000.00 for each violation and as the Defendant violated the aforementioned statute, Plaintiff is entitled to the statutory damages of $1,000..

54. The Defendant willfully violated the following provisions of Florida Statute §559.72 in that Defendant communicated with the plaintiff about the debt knowing the consumer was represented by counsel, in violation of §559.72(18) Fla. Stat.

WHEREFORE, Plaintiff, WARREN WATTERS, demands judgment against Defendant, THE HUNTINGTON NATIONAL BANK, for statutory damages, damages, costs, interest, attorney fees and such other relief as this court deems appropriate.

A Jury Trial is requested on all issues of fact.

_[signature]_
Gregg M. Horowitz
P.O. Box 2927
Sarasota, Florida 34230
Florida Bar No. 0802867
(941) 365-2094
Attorney for the Plaintiff
gregg.horowitz@verizon.net